UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

LAURA BARONE o/b/o Z.B.,

                              Plaintiff,        Case # 19-cv-01636

v.                                                             DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.
───────────────────────────────────

## INTRODUCTION

On February 25, 2016, Plaintiff applied for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act") on behalf of her minor daughter ("Z.B."). Tr. 108.[1] The Social Security Administration ("SSA") denied the claim and Plaintiff and Z.B. appeared at a hearing before Administrative Law Judge Mary Mattimore (the "ALJ") on August 28, 2018. Tr. 38. At the hearing, Plaintiff and Z.B. testified. Tr. 38-87. On October 9, 2018, ALJ Mattimore issued an unfavorable decision. Tr. 15-33. The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the SSA. Tr. 1-6. Plaintiff then appealed to this Court.[2] ECF No. 1.

The parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 10, 12. For the reasons that follow, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and the case is remanded for further proceedings.

## LEGAL STANDARD

### I.   District Court Review

When it reviews a final decision of the SSA, it is not the Court's function to "determine *de*

───────────────────────────────────
[1] "Tr." refers to the administrative record in this matter. ECF No. 7.

[2] The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3).

*novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998). Rather, the Court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)) (other citation omitted). The Commissioner's decision is "conclusive" if it is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (citations omitted).

## II.     Child Disability Standard

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations that can be expected to result in death or that has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924. At step one, the ALJ determines whether the child is engaged in substantial gainful work activity. *Id.* § 416.924(b). If so, the child is not disabled. If not, the ALJ proceeds to step two and determines whether the child has an impairment or combination of impairments that is "severe," meaning that it causes "more than minimal functional limitations." *Id.* § 416.924(c). If the child does not have a severe impairment or combination of impairments, he or she is not disabled. If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.924(d). If the child's

impairment meets or medically or functionally equals the criteria of the Listings, he or she is disabled.

To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ assesses the child's functioning in six domains:  (1) Acquiring and Using Information; (2) Attending and Completing Tasks; (3) Interacting and Relating with Others; (4) Moving About and Manipulating Objects; (5) Caring for Yourself; and (6) Health and Physical Well-Being.  20 C.F.R. § 416.926a(b)(1)(i)-(vi).  To functionally equal the Listings, the child's impairment(s) must cause "marked" limitations in two domains or an "extreme" limitation in one domain.  *Id.* § 416.926a(a).  A child has a marked limitation in a domain when his or her impairment(s) "interferes seriously" with the ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(2)(i).  A child has an extreme limitation in a domain when his or her impairment(s) "interferes very seriously" with the ability to independently initiate, sustain, or complete activities.  *Id.* § 416.926a(e)(3)(i).

## DISCUSSION

### I.   The ALJ's Decision

The ALJ analyzed Z.B.'s benefits application under the process described above.  At step one, the ALJ found that Z.B. had not engaged in substantial gainful activity since February 25, 2016, the disability onset date.  Tr. 18.  At step two, the ALJ found that Z.B. suffers from common variable immune deficiency (CVID), low immunogolculinaiga, selective deficiency of immunoglobulin A (IgA), eczema, gastroenteritis, attention deficient and hyperactivity disorder (ADHD), and obsessive-compulsive behavior (OCD), all of which constitute severe impairments. *Id.*  At step three the ALJ found that the impairments, alone or in combination, do not meet or medically equal a Listings impairment.  Tr. 18-19.

Next, the ALJ found that Z.B.'s impairment, alone or in combination, do not functionally equal a Listings impairment. Tr. 20-33. Specifically, as to the six domains of functioning, the ALJ found that Z.B. had no limitation in Acquiring and Using Information, Moving About and Manipulating Objects; less than marked limitations in Attending and Completing Tasks, Interacting and Relating with Others, and Caring for Yourself; and marked limitation in Health and Physical Well-Being. Tr. 25-33. Accordingly, the ALJ determined that Z.B. was not disabled. Tr. 33.

## II.     Analysis

Plaintiff, on behalf of Z.B., argues that the ALJ's decision should be reversed because (1) the ALJ relied on inaccurate interpretations of the record to find that Z.B. did not medically meet or equal the requirements of Listing 112.11 for ADHD and other neurodevelopmental disorders, and (2) there was not substantial evidence to support the ALJ's finding that the child's impairments did not functionally equal a Listing because Z.B. had at least a marked limitation in Attending and Completing Tasks and Caring for Oneself. ECF No. 10-1 at 21-30. Because the Court agrees that remand is required under Plaintiff's first argument, it does not address Plaintiff's other argument.

"When evaluating whether a claimant's impairments meet or equal a Listing, the ALJ must refer to the specific criteria set forth in the Listing." *Stover v. Comm'r of Soc. Sec.*, 1:04-CV-1467 (NAM/GHL), 2008 WL 4283421, at *7 (N.D.N.Y. Sept. 16, 2008) (citing *Morales v. Barnhart*, 218 F. Supp. 2d 450, 459-60 (S.D.N.Y. 2002)). The ALJ must clearly set forth her analysis of the criteria "with sufficient specificity to enable [a reviewing court] to decide whether the determination is supported by substantial evidence." *Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984). It is not the job of the reviewing court to "make an independent determination as to whether the record supports a finding that Plaintiff meets or equals [a Listing]. Instead . . . the

4

ALJ needs to articulate [her] basis for finding that [the child's impairment] does not meet (or equal) the criteria." *Hendricks v. Comm'r of Soc. Sec.*, 452 F. Supp. 2d 194, 199 (W.D.N.Y. 2006).

Listing 112.11 is the Listing for ADHD, a condition "[m]anifested by developmentally inappropriate degrees of inattention, impulsiveness, and hyperactivity." 20 C.F.R., Pt. 404, Subpt. P., App. 1-B2 § 112.11 (2017). To meet the Listing, a Plaintiff must satisfy two sets of criteria. Under criteria "A," the Plaintiff must show medical documentation of the following requirements:

> 1. One or both of the following:
>    a. Frequent distractibility, difficulty sustaining attention, and difficulty organizing tasks; or
>    b. Hyperactive and impulsive behavior (for example, difficulty remaining seated, talking excessively, difficulty waiting, appearing restless, or behaving as if being "driven by a motor").
> 2. Significant difficulties learning and using academic skills; or
> 3. Recurrent motor movement or vocalization.

*Id.* In addition, under criteria "B," the Plaintiff must show extreme limitation of one, or marked limitation of two of the following areas of mental functioning:

> 1. Understand, remember or apply information.
> 2. Interact with others.
> 3. Concentrate, persist, or maintain pace.
> 4. Adapt or manage oneself.

*Id.*

There is no dispute that Z.B. suffers from ADHD. *See* Tr.18. Rather, the focus here is whether Z.B.'s impairments meet or medically equal the requirements of Listing 112.11 for a finding of disability. The Commissioner and Plaintiff agree that the record contains various pieces of evidence demonstrating Z.B.'s difficulties with hyperactivity, impulsive behavior, distractibility, and poor attention, as required under criteria "A." Tr. 523, 545, 622, 653, 850, 853; *see also* ECF 12-1 at 9-10. Indeed, school psychologist Stacy Johnson, M.S., C.A.S., noted that Z.B. was "extremely hyperactive," she would "blurt[] out while the examiner was asking her

questions or explaining directions," she "talked excessively," "demonstrated impulsiveness," required "significant prompting to remain in her seat," and would constantly "get up and fidget within her seat." Tr. 850. Likewise, the record contains evidence of Z.B.'s need for constant prompting to remain on task, Tr. 850, 861, 858, her issues with eating, Tr. 507, 534, 605, and the frequency of putting herself in danger. Tr. 54-55, 548, 555. It is unclear from the ALJ's decision whether the ALJ even evaluated whether this evidence established substantial support under criteria "A." Indeed, it is not apparent from the ALJ's decision whether she found Z.B. met criteria "A" of Listing 112.11 as a first step. Rather, the ALJ conclusively stated that Plaintiff did not meet the entirety of the 112.11 Listing requirements, without reference to specific portions of the requirements or evidence of the record. *See* Tr. 19; *see also Walker v. Astrue*, 1:06-CV-1180 (NAM), 2010 WL 2287566, at *5 (N.D.N.Y June 3, 2010) (clear error where a court failed to address whether the plaintiff's impairments met the requirements of 112.11 criteria "A" and "B").

Moreover, the ALJ failed to explicitly discuss the requirements of criteria "B" and apply the requisite evidence. It is true, as the Commissioner points out, that the ALJ determined Z.B. had less than a marked limitation in her ability to interact and relate with others. Tr. 29. However, this was evaluated in the context of the six functional equivalence domains, rather than in the context of meeting Listing 112.11. *See* Tr. 29. It is well established that the ALJ cannot bootstrap onto later findings regarding functional equivalence in deciding whether a plaintiff is disabled for symptoms which medically meet or equal a Listing. *See Carson v. Colvin*, 6:12-CV-6553 (MAT), 2014 WL 1746056, at *9 (W.D.N.Y. May 1, 2014) ("[C]ourts have found that 'the analyses under the attention deficit hyperactive disorder listing, 112.11, and functional equivalence are not sufficiently identical to the point that a failure to find functional equivalence conclusively precludes a finding that [p]laintiff's symptoms meet or medically equal a listing.'") (quoting

another source). Indeed, doing so would essentially render the Listing unnecessary. *Id.* Thus, this rationale does not constitute sufficient support for the ALJ's conclusion.

The ALJ also fails to discuss the remaining areas of mental functioning pursuant to criteria "B" and apply the relevant evidence of the record to the law. The ALJ's failure to address the requirements under Listing 112.11 is clear error in the application of the proper legal standards. *See Stover*, 2008 WL 4283421, at *8 (remanding where the ALJ failed to apply the evidence of plaintiff's disabilities to the requirements of Listing 112.11); *see also Powers v. Colvin*, 15-CV-6510 CJS, 2016 WL 5661976, at *6 (W.D.N.Y. Oct. 3, 2016) (remanding where it was unclear how the ALJ interpreted the medical records in determining whether plaintiff met Listing 112.11 since the ALJ did not indicate which evidence was considered); *F.S. v. Astrue*, 1:10-CV-444 (MAD), 2012 WL 514944, at *9-12 (N.D.N.Y. Feb. 15, 2012) (remanding where the ALJ did not discuss the factors in the Listing in determining whether the plaintiff's ADHD met 112.11); *Walker*, 2010 WL 2287566, at *3-7 (remanding where the ALJ failed to consider and evaluate the record with regard to each portion of Listing 112.11).

While the Commissioner sets forth possible evidence to support the ultimate conclusion of the ALJ, including that Z.B. had appropriate social interaction skills, Tr. 524, listened to instruction from her teachers, Tr. 849, was independent, Tr. 617, and whose mother reported she could take care of her personal needs without limitation, Tr. 187, the ALJ did not provide such an explanation in her decision when she concluded that Z.B. failed to satisfy the Listing requirements. The Court's acceptance of the Commissioner's rationale here, while it may indeed lead the ALJ to the ultimate conclusion that Z.B. is not disabled under Listing 112.11, is unacceptable *post hoc* rationalization. *See White v. Saul*, 414 F. Supp. 3d 377, 385 (W.D.N.Y. 2019). For these reasons, remand is required.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 10, is GRANTED, the Commissioner's motion for judgment on the pleadings, ECF No. 12, is DENIED, and the matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court shall enter judgment and close this case.

IT IS SO ORDERED.

Dated: November 9, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court